UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SULLIVAN, JR.,

       Plaintiff,                      CIVIL ACTION NO. 07-12218

      v.                                 DISTRICT JUDGE DAVID M. LAWSON

MICHIGAN DEPARTMENT OF        MAGISTRATE JUDGE VIRGINIA M. MORGAN
CORRECTIONS, TERESA WILLIAMS,
JOHN L. ABDOO, SHIRLEY GORDON,
LINDA TRIBLEY, SCOTT SPRADER,
JAMES KILLIPS, and SCOTT COFFEY,

       Defendants.[1]
_____/

**REPORT AND RECOMMENDATION**

**I.  Introduction**

      This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that defendants, MDOC and employees of MDOC, violated his rights under the United States Constitution.  The matter

---

[1] On July 28, 2008, the Honorable David M. Lawson issued an order (D/E #37) adopting this Court's May 7, 2008 Report and Recommendation and granting summary judgment in favor of defendants MDOC, Williams, Abdoo, Gordon, Killips and Coffey.  The claims against defendants Tribley and Sprader were allowed to proceed.  On September 19, 2008, this Court issued a Report and Recommendation finding the defendants Tribley and Sprader's motion for change of venue should be granted (D/E #61).  Plaintiff filed a timely objection to that Report and Recommendation (D/E #62) and the matter remains pending before the district judge.

comes before the Court on plaintiff's motion for summary judgment against defendants Killips and Coffey (D/E #28). For the reasons stated below, the court recommends that plaintiff's motion be **DENIED**.

## II. Background

At all times relevant to this action, plaintiff was an inmate in the custody of MDOC. The incidents giving rise to plaintiff's complaint took place at the Ryan Regional Facility (RRF) in Detroit, Michigan, the Newberry Correctional Facility (NCF) in Newberry, Michigan, and the Kinross Correctional Facility (KCF) in Kincheloe, Michigan.

The only claim relevant to this Report and Recommendation is plaintiff's claim against Killips and Coffey. In his complaint, plaintiff alleges that Killips and Coffey transferred plaintiff from NCF to KCF on June 16, 2006. (Complaint, ¶ 32) Plaintiff also alleges that, during the transport, plaintiff's typewriter was damaged and both Killips and Coffey are responsible for the damage done to plaintiff's typewriter. (Complaint, ¶¶ 32-33)

On September 24, 2007, defendants filed the motion for summary judgment before the court. (D/E #20) With respect to plaintiff's claim against Killips and Coffey, defendants argue that Killips and Coffey are entitled to summary judgment because plaintiff cannot prove that they damaged his typewriter and because, even if they did, plaintiff had other, adequate state remedies available to him.

On October 22, 2007, plaintiff filed a response to defendants' motion for summary judgment. (D/E #27) With respect to his claim against Killips and Coffey, plaintiff argues that Killips and Coffey are not entitled to summary judgment where they have admitted in their

affidavits that they are responsible for the property and where plaintiff is not limited to state remedies.

On March 21, 2008, plaintiff filed the motion for summary judgment against Killips and Coffey pending before the Court (D/E #28). In that motion, plaintiff asserted that, on March 4, 2008, the Michigan State Administrative Board approved an award of $120.00 for the damaged typewriter. Plaintiff also asserted that, while the state conceded that Killips and Coffey were the cause of the damage, the award was insufficient to cover the value of the typewriter and Killips and Coffey should be liable for the remaining $103.55. Plaintiff later supplemented his evidence in support of that motion and provided a letter from the MDOC to the State Administrative Board (D/E #32).

On March 24, 2008, defendants Killips and Coffey filed a motion to extend time in which to file a response to plaintiff's motion for summary judgment (D/E #29). On March 26, 2008, this Court granted defendants motion to extend time and gave Killips and Coffey until May 9, 2008 to file a response (D/E #30).

However, no such response was filed because, on May 7, 2008, this Court issued a Report and Recommendation finding, among other things, that Killips and Coffey were entitled to summary judgment (D/E #34). Plaintiff did not file any objections to that Report and Recommendation. On July 28, 2008, the Honorable David M. Lawson adopted this Court's May 7, 2008 Report and Recommendation and granted summary judgment in favor of Killips and Coffey (D/E #37).

Thus, while Killips and Coffey have been granted summary judgment and dismissed from this case, plaintiff's motion for summary judgment remains pending before the Court.

### III.  Standard of Review

Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed.R.Civ.P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV. Analysis

Plaintiff alleges that Killips and Coffey are responsible for the damage done to plaintiff's typewriter during plaintiff's prison transfer.  (Complaint, ¶¶ 32-33)  In its earlier Report and Recommendation, which plaintiff did not object to and the District Court adopted, this Court found:

> Pursuant to the Fourteenth Amendment's Due Process Clause, no State shall "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1.  To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process.  Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999).
>
> In this case, while defendants do not deny the fact that plaintiff had a protected property interest in the typewriter, they do argue that plaintiff was not deprived of that interest without due process.  Generally, the process that is due before a property deprivation includes prior notice and an opportunity for a predeprivation hearing.  Warren v. City of Athens, Ohio,  411 F.3d 697, 709-710 (6th Cir. 2005).  "Under circuit precedent, a § 1983 plaintiff can prevail on a procedural due process claim by demonstrating that the property deprivation resulted from either: (1) an established state procedure that itself violates due process rights, or (2) a "random and unauthorized act" causing a loss for which available state remedies would not adequately compensate the plaintiff."  Warren, 411 F.3d at 709-710.  A plaintiff alleging the first element of this test would not need to demonstrate the inadequacy of state remedies.  Moore v. Bd. of Educ. of Johnson City Sch., 134 F.3d 781, 785 (6th Cir.1998), but if a plaintiff pursues the second line of argument, he must navigate the rule of Parratt v. Taylor, 451 U.S.

527, 539, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), which holds that a state may satisfy procedural due process with only an adequate postdeprivation procedure when the state action was "random and unauthorized." See Warren, 411 F.3d at 709-710; see also Zinermon v Burch, 494 U.S. 113, 128; 110 S. Ct. 975; 108 L.Ed.2d 100 (1990) (narrowing Parratt to only those situations where predeprivation process would have been impossible or impractical). In this context, "unauthorized" means that the official in question did not have the power or authority to effect the deprivation, not that the act was contrary to law. Warren, 411 F.3d at 709-710.

Defendants did not have the power or authority to effect the deprivation, so to prevail in summary judgment they must demonstrate that adequate postdeprivation remedies were available to plaintiff. The Sixth Circuit has found in the past that meaningful postdeprivation remedies are available to plaintiffs under Michigan state law to redress the alleged loss of property. Copeland, 57 F.3d at 480; Wilson v. Lane, No. 94-3477, 142 F.3d 438, *1 (6th Cir., March 12, 1998) (table). In Copeland, the Sixth Circuit identified Michigan's adequate postdeprivation remedies as including an action for claim and deliver pursuant to Michigan Court Rule 3.105, a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained pursuant to M. C. L § 600.2920, the procedure to compensate for alleged unjustifiable acts of state officials pursuant to M. C. L. § 600.6401. Copeland, 57 F.3d at 480. The Sixth Circuit also noted in Copeland that a state agency in Michigan is subject to the Michigan Administrative Procedures Act, M. C. L. §§ 24.201-.403, and that MDOC in particular is subject to numerous state laws relating to prisoner grievances. M.C.L. §§ 791.251-.255.

In his response to defendants' motion for summary judgment, plaintiff argues that, even if remedies are available pursuant to M.C.R. 3.105 or M.C.L. § 600.2920, he is not bound by law to pursue those remedies and the only requirement he must meet before filing this action was to exhaust his administrative remedies. (Plaintiff's Response to Defendants' Motion for Summary Judgment, p. 19) However, while plaintiff is not bound to pursue those adequate postdeprivation remedies, where they are available he is barred from bringing a procedural due process

> claim pursuant to § 1983. Warren, 411 F.3d at 709-710. Given the availability of postdeprivation remedies in the state if Michigan to redress a loss of property, plaintiff is barred from bringing his procedural due process claim against Killips and Coffey and they are, entitled to summary judgment. [D/E #34, pp. 28-30 (footnote omitted)]

As discussed above, plaintiff did not object to that Report and Recommendation and the district judge adopted it in an order granting summary judgment to Killips and Coffey. Given that Killips and Coffey have already been granted summary judgment on the claims against them, plaintiff's motion for summary judgment must be denied under the law of the case doctrine. "Under the law-of-the-case doctrine, rulings made at one point in the litigation should continue to govern in subsequent stages of that litigation." Niemi v. NHK Spring Co., Ltd., 543 F.3d 294, 308 (6th Cir. 2008) (citing Scott v. Churchill, 377 F.3d 565, 569 (6th Cir. 2004); Rouse v. DaimlerChrysler Corp. UAW, 300 F.3d 711, 715 (6th Cir. 2002)). In this case, the District Court has already ruled that plaintiff's claim against Killips and Coffey is barred given the availability of adequate postdeprivation remedies in the state if Michigan to redress a loss of property. That ruling governs now and plaintiff's motion for summary judgment should be denied.

Moreover, the evidence plaintiff provides in support of his motion for summary judgment actually supports the finding that the state of Michigan provides adequate postdeprivation remedies to redress a loss of property. Pursuant to the second letter provided by plaintiff, he was only awarded $120.00 for the damaged typewriter, instead of the $223.55 he sought, because plaintiff "did not provide any documentation to support the date of purchase or purchase price of

the typewriter" and "[t]he Average Cost Schedule . . . lists the cost of a typewriter as $120.00." (October 2, 2006 Letter, attached as Exhibit 1 to D/E #32)  Nowhere in plaintiff's motion for summary judgment does he address the value of the typewriter, why the state procedures were inadequate, or the Sixth Circuit cases finding that meaningful postdeprivation remedies are available to plaintiffs under Michigan state law to redress the alleged loss of property. Consequently, even if the law-of-the-case doctrine did not govern this motion, plaintiff's motion for summary judgment should still be denied.

## V. Conclusion

For the reasons stated above, the court recommends that defendants' motion for summary judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                    s/Virginia M. Morgan
                                    Virginia M. Morgan
                                    United States Magistrate Judge

Dated: December 5, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 5, 2008.

                                    s/Jane Johnson
                                    Case Manager to
                                    Magistrate Judge Virginia M. Morgan