UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SULLIVAN, JR.,

        Plaintiff,                      Civil No. 07-12218
v.                                                Hon. David M. Lawson
                                                      Magistrate Judge Virginia M. Morgan
LINDA TRIBLEY and RUM SPRADER,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

The matter is before the Court on the plaintiff's objections to Magistrate Judge Virginia M. Morgan's report recommending that the defendants' motion for transfer of venue to the United States District Court for the Western District of Michigan be granted. The plaintiff is a prisoner presently confined in a Michigan Department of Corrections facility located in Michigan's Upper Peninsula, which is situated in the Western District of Michigan. He brought a civil rights action against several corrections officials, including some located at a prison near Detroit, where the plaintiff was housed previously. The case was referred to Judge Morgan to conduct all pretrial proceedings under 28 U.S.C. § 636(b)(1)(B). After the claims against the Detroit defendants were dismissed, the remaining defendants, also residents of the Upper Peninsula, moved to transfer venue to the district court there. On September 19, 2008, Judge Morgan filed a report recommending that the motion be granted and venue transferred to the Western District of Michigan. The plaintiff filed timely objections. The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and has made a *de novo* review of the record. The Court concludes that the objections to the report and recommendation lack merit, the motion should be granted, and venue should be

transferred to the Western District of Michigan, which includes the Upper Peninsula, for the convenience of the parties and witnesses.

I.

The plaintiff presently is a prisoner at the Kinross Correctional Facility in Kincheloe, Michigan, where he is serving a twenty-two-to-fifty-year sentence for a second-degree murder and a two-year consecutive sentence for a firearm offense. Initially, Mr. Sullivan was incarcerated at the Ryan Regional Facility in Detroit. He was later transferred to the Newberry Correctional Facility in Luce County in the Upper Peninsula, where the majority of events giving rise to his complaints occurred, and then to his present place of confinement at the Kinross Correctional Facility, also in the Upper Peninsula of Michigan.

Sullivan commenced his action in this Court against the Michigan Department of Corrections and seven of its employees for various violations of his constitutional rights. Many of the plaintiff's allegations concerned various officials' refusals to apply jail credits towards his firearm sentence and adjust his release date accordingly. Other claims alleged a conspiracy by certain defendants to transfer the plaintiff from Ryan to the Newberry Correctional Facility in retaliation for his filing a grievance against the Ryan facility warden. He also complained about the damage to his typewriter and other personal property that occurred when the plaintiff's belongings were transported from Newberry to the Kinross facility. Perhaps the most serious of the plaintiff's claims is the allegation that, despite his alerts to two designated officials (the remaining defendants) about threats of assault that he received from other inmates annoyed by his typing and keeping overhead lights on late into the night, these officers did nothing to prevent a rather brutal assault from happening.

The remaining counts of the complaint allege that the plaintiff received daily threats from other inmates who were irritated by the plaintiff's practice of using his typewriter late at night and interfering with the sleep of the others in his twelve-man cube. He says that he requested a transfer, and when that did not happen he wrote to assistant deputy warden (ADW) Tribley, informing her of the threats and the possibility of an altercation, and renewing his transfer request. The plaintiff alleges that Tribley ignored his request. The plaintiff alleges that he wrote a letter to Resident Unit Manager (RUM) Sprader, and he ignored the request as well. Then, about two weeks after the letter to Sprader, the plaintiff was assaulted from the back by an unknown assailant while in the prison yard. He claims that he was "bleeding profusely" and ran into health services.

The plaintiff claims that the attack left a six-and-a-half-inch slash across his back apparently inflicted by a razor. Although he received a tetanus shot, he claims to have contracted hepatitis C, which he attributes to the assault.

On July 28, 2008, the Court dismissed claims against all defendants except a Resident Unit Manager at Newberry named Sprader, and Newberry's assistant deputy warden, Linda Tribley. As to these two defendants, the Court concluded that material issues of fact precluded summary determination of their liability for deliberate indifference as a matter of law. The defendants filed their motion to transfer venue to the Western District of Michigan shortly after the other defendants were dismissed from the case, contending that a district court in Marquette is a more convenient place to conduct the proceedings on the remaining claims.

Judge Morgan addressed the defendants' motion by applying factors under 28 U.S.C. § 1404(a), the transfer statute that applied when the original venue was properly laid. She stated that the burden falls on the defendants to prove that a transfer is warranted, and the defendants met that

burden when considering that the claims arose in the Western District, which is also the parties' location "and the probable location of witnesses and sources of proof." R&R at 9. Judge Morgan acknowledged that the plaintiff's choice of forum is normally given substantial deference in choice-of-venue matters, and the convenience of witnesses is one of the most important factors in overcoming the preference for the plaintiff's choice. Although neither party has provided the names of the witnesses or an outline of their intended testimony, and the parties failed to analyze the remaining factors in detail, Judge Morgan inferred that the nature of the claim arising in an Upper Peninsula prison naturally would be proved by witnesses located there, which is a considerable distance from the courthouse in Detroit. Therefore, she recommended that the transfer motion be granted.

The plaintiff objects to the recommendation and contends that the magistrate judge's analysis is flawed. He argues that the magistrate judge exaggerated the number of witnesses and exhibits that are located or reside in the Western District. To substantiate his claim, the plaintiff points out that some of his witnesses – like his mother – reside in the Eastern District of Michigan. He contends that since Sprader and Tribley have not supplied the list of witnesses of their own and have not identified whatever evidence would have to be transported from the facility to the court, as a non-moving party the plaintiff must prevail. Next, the plaintiff suggests that the defendants waived any venue objections by waiting for nine weeks until the resolution of their motion for summary judgment. Because the defendants did not preserve the improper venue objection by raising it in their first responsive filing, the plaintiff believes that the defendants have forfeited their transfer-of-venue arguments.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

When the plaintiff filed his lawsuit, the complaint stated claims against defendants located at the Ryan Corrections facility in Detroit. Venue was proper in this district since it was "a judicial district where any defendant resides" and "all defendants reside[d] in the same State." 28 U.S.C. § 1391(b). And since venue was proper as to some of the defendants, it was proper as to all of them. 28 U.S.C. § 1406(d) ("If a civil action has been brought in a judicial district that is a proper venue with respect to at least one claim asserted against each defendant, that district is a proper venue for the entire civil action, subject to the discretion of the district court, in the interest of justice, upon timely and sufficient objection, to dismiss or to sever and transfer any claim as to which venue would be improper if sued upon alone."). Venue is assessed at the commencement of an action, and complaints about improper venue must be raised promptly. *See* 28 U.S.C. § 1406(a) (requiring a "timely and sufficient objection" to improper venue). Rule 12(b) requires a defendant to raise the issue of improper venue by motion filed prior to filing a responsive pleading, or in the responsive pleading. Under Rule 12(h)(1), if a defendant fails to object to venue in either of these two ways,

he has waived the objection to improper venue. None of the defendant raised a timely objection to venue or sought a severance or transfer of claims.

However, the motion by the present defendants was brought under 28 U.S.C. § 1404, which permits the Court to transfer venue to another district where it might have been brought if it is necessary for the convenience of the parties and witnesses or the interests of justice. 28 U.S.C. § 1404(a) (1993). The burden is on the moving party to establish the need for a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978), *overruled on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990). "Unless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Motions brought under section 1404 are not subject to the limitations of Rule 12, and a delay in filing such a motion does not effect a waiver. *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 957 (M.D. Tenn. 2008) (citing *Blane v. Am. Inventors Corp.*, 934 F.Supp. 903, 905-06 (M.D. Tenn.1996); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1352, at 272 (1990)). The defendants in this case filed their transfer motion promptly after the other defendants and claims were dismissed by motion.

Courts have broad discretion to transfer an action pursuant to section 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience. *See generally Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955). The Supreme Court instructs that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487

U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).  Courts consider the following factors when ruling on a motion to transfer under § 1404(a):

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining unwilling witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000); *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991). *Accord, Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (holding that a "court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'") (quoting *Stewart Organization, Inc.*, 487 U.S. at 30).  Additionally, the Court may consider the forum's familiarity with the governing law.  *See Grand Kensington*, 81 F. Supp. 2d at 836 (citing *Gulf Oil*, 330 U.S. at 508-09).  Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing.  *See Grand Kensington*, 81 F. Supp. 2d at 836 (citing *Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 656, 668 (E.D. Mich. 1996)).  A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another.  *See Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990).

After considering the relevant factors, the Court believes that the proper exercise of discretion calls for a transfer of the action to the Western District.  Although the parties have not been particularly effusive in their description of the likely proofs at trial, the defendants have

described the evidence categorically, permitting the Court to construct a general view of the evidence that will be presented.

The nature of this claim is that the defendants were deliberately indifferent to the threats made against the plaintiff, which in turn were generated by his perceived inconsiderate behavior among his unit mates. The danger detected by the plaintiff apparently matured into a physical assault and a personal injury. The seriousness of the injury is subject to dispute. All of these events occurred at the Newberry prison, which is located in Luce County, Michigan, situated in the Western District of Michigan. Any remnant connecting this case to the Eastern District has vanished with the summary dismissal of the other claims in the complaint. The defendants indicate that the potential witnesses for the remaining claim will be the nurses who treated the plaintiff at the Newberry facility, the prison custody staff who worked on the prison yard and in the plaintiff's housing unit, the prison shift command who worked in the prison's control center who would have reacted and authorized the plaintiff to be seen at the local hospital in response to the injury, the prison transportation officers who transported the plaintiff to and from the local hospital, the Newberry Correctional Facility records keepers, who maintain prison records, the Newberry Correctional Facility Grievance Coordinator, and the defendants themselves. The plaintiff suggests that he may want his mother to be a witness, and she is located in this district. However, the plaintiff has not indicated – and it is not readily apparent to the Court – what she might contribute to the proofs in the case. The defendants correctly note that the Western District has its Northern Division in Marquette, which is only 105 miles away from Newberry. The Detroit courthouse is more than 300 miles away from the facility.

Based on the practical observation compelled by the distances involved, it is apparent that the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, and the availability of process to compel attendance of unwilling witnesses all favor the Western District's Northern Division. The Newberry Facility is located in Luce County, the two defendants remaining in the case reside in Luce County, and the plaintiff himself is incarcerated in the Upper Peninsula, which is also within the Western District. The records from the Newberry Correctional Facility and the records of the private health care providers who treated Mr. Sullivan after the incident at Newberry would be more easily transported to the court in the Western District. The court's subpoena power could be exercised more readily in the district. *See* Fed. R. Civ. P. 45(b)(2) (allowing service of a subpoena anywhere within a judicial district, but limiting service upon out-of-district witnesses residing beyond 100 miles from the place of the hearing).

For all of these reasons, the practical problems associated with trying the case most expeditiously and inexpensively, and, ultimately, the interest of justice, favor transfer of venue as well. The connection of the case to this district has all but evaporated, and the expenses and inconvenience to the parties, witnesses, and even the plaintiff – who presently resides in the Northern Division of Michigan's Western District – of trying the case here in Detroit greatly outweigh the plaintiff's initial election of the present forum.

### III.

The Court has conducted a *de novo* review of the transfer motion and finds that it must agree with the magistrate judge's conclusion.

Accordingly, it is **ORDERED** that the plaintiff's objections to the Report and Recommendation [dkt #62] are **OVERRULED**, and the Magistrate Judge's Report and Recommendation [dkt # 61] is **ADOPTED**.

It is further **ORDERED** that the defendants' motion to transfer venue [dkt #43] is **GRANTED**.

It is further **ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the Northern Division of the United States District Court for the Western District of Michigan.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated:  February 18, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 18, 2009

                                      s/Felicia M. Moses
                                      FELICIA M. MOSES